UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:11-cr-183 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| PAUL DAVID MUSGRAVE, | : | |
| | : | |
| Defendant. | : | |

**ORDER GRANTING DEFENDANT'S MOTION TO
STAY QUARTERLY PAYMENTS PENDING APPEAL (Doc. 226)**

This case is before the Court on Defendant's motion to stay scheduled quarterly payments pending appeal. (Doc. 226).

On December 15, 2014, this Court sentenced Defendant Paul David Musgrave to one-day imprisonment, five-years on supervised release, with the first twenty-four months on home detention, $1,715,650 in restitution, and a $250,000 fine. (Doc. 208). In light of Defendant's ability to make substantial payments to satisfy his financial obligations, the Court ordered Defendant to begin immediately making monthly payments of $2,000, as well as quarterly payments of $25,250, beginning on April 30, 2015. (Doc. 209 at 8; Doc. 228 at 176:6-177:12). However, to ensure that the Court's accelerated payment plan appropriately effectuated repayment of both the restitution and the fine, the Court ordered Defendant to complete financial disclosure forms and to submit his payment plan for the Court's consideration. (Doc. 216).

On April 6, 2015, following a thorough review of Defendant's financial disclosure forms (*see* Docs. 221, 222), and the record as a whole, the Court entered an order

1

regarding Defendant's available funds for payment of his mandatory restitution and criminal fine obligations.  (Doc. 224).  In sum, the Court declined to allow Defendant's long-time practice of funneling assets into his wife's name (or, colloquially, "judgment-proofing" himself) to shield available funds from his mandatory restitution and criminal fine obligations.  (*Id*. at 3-5).  The Court found that Defendant uses, benefits from, has an interest in, contributes to, and effectively controls their collective assets, despite the fact that, on paper, the assets are held solely in his wife's name.[1]  (*Id*. at 4-5).  Accordingly, the Court rejected Defendant's proposal to obtain a "secured loan" from his spouse (the effective equivalent of borrowing money from himself), which loan, he proposed, would have priority for repayment over his pre-existing criminal monetary obligations.[2]  (*Id*. at 3-5).  Further, the Court ordered that Defendant "make his quarterly payments, as

---

[1] Courts similarly decline to allow this type of 'legal fiction' to taint the determination of available funds in a variety of contexts, both criminal and civil, in the interest of appropriately enforcing statutes, ensuring fairness, and preventing fraud.  *See, e.g., United States v. Craft*, 535 U.S. 274, 279 (2002) (in determining what constitutes 'property' or 'rights to property' for purposes of federal tax lien statute, 26 U.S.C. § 6321, "state law fiction d[oes] not control the federal question and [the Court] look[s] instead to the realities of the [individual's] interest"); *United States v. Rubinson*, 543 F.2d 951, 964 (2d Cir. 1976) (in determining whether to appoint counsel for a criminal defendant, "a defendant's claim of indigency certainly should be rejected when he puts his own assets … in the names of other members of his family to conceal them from his creditors, the government and the court"); *Flynn v. Greg Anthony Constr. Co., Inc.*, 95 F. App'x. 726, 733-34 (6th Cir. 2003) (in the context of 'piercing the corporate veil,' "when a corporation exists solely for the purpose of serving as an alter ego for its owners, the courts will not permit themselves to be blinded or deceived by mere forms or law") (internal citations and quotation marks omitted).

[2] A fine imposed at criminal sentencing, or an order of mandatory restitution, "is a lien in favor of the United States on all property and rights to property of the person fined as if the liability of the person fined were a liability for a tax assessed under the Internal Revenue Code of 1986" which "arises on the entry of judgment."  18 U.S.C. § 3613(c).

scheduled, from the funds available to him, including those assets held in his own name, his spouse's name, or both their names."[3]  (*Id*. at 5).

Defendant filed a notice of appeal from the Court's April 6, 2015 order (Doc. 225), and now requests a stay of his quarterly payments pending appeal (Doc. 226).[4] Defendant specifies that he "is not moving to stay, and will continue to make, the $2,000

---

[3] In effect, the Court's order would allow Defendant to obtain an <u>unsecured</u> "loan" from his spouse.  Whether Defendant ultimately chooses to "repay" his spouse is entirely within his discretion.  However, he is may only do so <u>after</u> he has paid his mandatory restitution and criminal fine.

[4] Defendant states that his appeal "raises a substantial issue of law" as "[c]ourts have held that restitution obligations cannot be ordered to be paid out of assets that are not in the defendant's sole ownership and control." (Doc. 226). Defendant cites to *United States v. Novak*, 476 F.3d 1041, 1063-64 (9th Cir. 2007), in support of this assertion. (*Id*. at 1).

Defendant's assertion that an order of mandatory restitution (which is subject to enforcement just as a federal tax lien (n.2 *supra*)) "cannot be ordered to be paid out of assets that are not in the defendant's sole ownership and control" is misleading. *See, e.g.*, *United States v. Nat'l Bank of Commerce*, 472 U.S. 713, 724-25 (1985) (holding that an individual's right to withdraw from a joint bank account "constitutes 'property' or 'rights to property' subject to provisional IRS levy, regardless of the facts that other claims to the funds may exist"); *United States v. Rodgers*, 461 U.S. 677, 696-98 (1983) (holding that the district court may order sale of co-owned property to enforce a federal tax lien against one owner's interest, although co-owners may be entitled to compensation).

Further, the issue before the Ninth Circuit in *Novak* was whether the Government was able to enforce a restitution order by unilaterally cashing out a defendant's retirement plan.  476 F.3d at 1063-64.  The Ninth Circuit held that the answer was ultimately contingent upon the terms of the plan itself, and, further, acknowledged that its holding was in-line with congressional intent to "protect 'blameless' dependants."  *Id*.  However, here, the Court's April 6, 2015 Order was not analogous to the writ of garnishment at issue in *Novak*.  (*See* Doc. 224).  Nor was the Court's Order intended to deprive "blameless dependants" of their assets.  Indeed, the issue in the instant case is that the assets held in Defendant's spouse's name **are Defendant's assets**.  (*Id*. at 3-5).

Regardless, the Court never approved garnishment, but merely rejected Defendant's proposal to obtain a <u>secured</u> loan from his wife.  (Doc. 224 at 5).  In essence, Defendant was asking the Court to uphold the 'legal fiction' of his marital asset division in order to protect, what are effectively, his own assets, against his obligation to abide by this Court's imposed sentence and to repay the victims of his own felonious conduct.  (*See* Docs. 222 at 15).  The Court declined to do so.  (Doc. 224).

3

monthly scheduled payments, and will keep the Court apprised of efforts to sell his business interests." (*Id*. at 2).  Additionally, Defendant proposes to secure the quarterly payments in the interim "with an appropriate bond to be posted by the due date of each scheduled quarterly payment." (*Id.*); *see* Fed. R. Crim. P. 38(c) and (e)(2).

The Court finds that Defendant's proposal to secure the quarterly payments by posting an appellate bond, and his continued monthly payments of $2,000 towards restitution, are both adequate and appropriate terms to secure funds and ensure compliance pending, and after, disposition of the appeal.  Accordingly, Defendant's motion to stay his scheduled quarterly payments (Doc. 226) is **GRANTED**.  Defendant's quarterly payment obligations are hereby **STAYED**, pending the appellate proceedings (Doc. 225), with the following conditions:

> (1) Defendant is **ORDERED** to secure payments by posting a supersedeas bond in the amount of the quarterly payment due, no later than the scheduled due date, for each quarterly payment that comes due during the pendency of the appeal, commencing with the first quarterly payment, which is due on April 30, 2015;
>
> (2) Defendant **SHALL NOT** diminish the value of his ownership interests in GMD Industries LLC, nor M and M Investments, in any manner, including, but not limited to, transferring, encumbering, or pledging his interest in order to secure a bond, loan, or advance of funds;
>
> (3) Defendant **SHALL** continue to make his scheduled monthly payments of $2,000; and

(4) Defendant **SHALL** continue to comply with all other standard and special conditions of supervised release as previously ordered.

**IT IS SO ORDERED**.

Date: April 24, 2015                                         *s/ Timothy S. Black*
                                                                      Timothy S. Black
                                                                      United States District Judge